IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW WHITFIELD,<br><br>    Plaintiff,<br><br>v.<br><br>WEINGARTEN REALTY INVESTORS, ANDREW M. ALEXANDER, STANFORD J. ALEXANDER, SHELAGHMICHAEL C. BROWN, STEPHEN A. LASHER, THOMAS L. RYAN, DOUGLAS W. SCHNITZER, C. PARK SHAPER, and MARC J. SHAPIRO,<br><br>    Defendants. | Case No. _____<br><br><u>JURY TRIAL DEMANDED</u><br><br><u>**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**</u> |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

## NATURE OF ACTION

1. On April 15, 2021, Weingarten Realty Investors ("Weingarten" or the "Company") entered into an agreement (the "Merger Agreement") to be acquired by Kimco Realty Investors ("Kimco") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, Weingarten's stockholders will receive 1.408 shares of Kimco common stock and $2.89 in cash per share.

3. On June 25, 2021, defendants filed a prospectus (the "424B3") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the 424B3 fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## THE PARTIES

8. Plaintiff is and has been continuously throughout all relevant times the owner of Weingarten common stock.

9. Defendant Weingarten is a Texas corporation. Weingarten's common stock is traded on the New York Stock Exchange under the ticker symbol "WRI."

10. Defendant Andrew M. Alexander is Chief Executive Officer, President, and Chairman of the Board of Directors of Weingarten (the "Board").

11. Defendant Stanford J. Alexander is a member of the Board.

12. Defendant Shelaghmichael C. Brown is a member of the Board.

13. Defendant Stephen A. Lasher is a member of the Board.

14. Defendant Thomas L. Ryan is a member of the Board.

15. Defendant Douglas W. Schnitzer is a member of the Board.

16. Defendant C. Park Shaper a member of the Board.

17. Defendant Marc J. Shapiro is a member of the Board.

18. Defendants identified in ¶¶ 10-17 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

19. Weingarten is a shopping center owner, manager, and developer.

20. As of December 31, 2020, the Company owned or operated under long-term leases, either directly or through its interest in real estate joint ventures or partnerships, a total of 159 properties which are located in fifteen states spanning the country from coast to coast.

21. On April 15, 2021, Weingarten's Board caused the Company to enter into the Merger Agreement with Kimco.

22. The press release announcing the Proposed Merger provides as follows:

> Kimco Realty Corp. (NYSE: KIM), one of North America's largest publicly traded owners and operators of open-air, grocery-anchored shopping centers and mixed-use assets, and Weingarten Realty Investors (NYSE: WRI), a grocery-anchored Sun Belt shopping center owner, manager and developer, today announced that they have entered into a definitive merger agreement under which Weingarten will merge with and into Kimco, with Kimco continuing as the surviving public company. The transaction brings together two industry-leading retail real estate platforms with highly complementary portfolios, creating the preeminent open-air shopping center and mixed-use real estate owner in the country. The increased scale in targeted growth markets, coupled with a broader pipeline of redevelopment opportunities, positions the company to create significant value for its shareholders. The combined company is expected to have a pro forma equity market capitalization of approximately $12.0 billion and a pro forma total enterprise value of approximately $20.5 billion.
>
> Under the terms of the merger agreement, each Weingarten common share will be converted into 1.408 newly issued shares of Kimco common stock plus $2.89 in cash. Based on the closing stock price for Kimco on April 14, 2021, this represents a total consideration of approximately $30.32 per Weingarten share. On a pro forma basis, following the closing of the transaction, Kimco shareholders are expected to own approximately 71% of the combined company's equity, and Weingarten shareholders are expected to own approximately 29%. The parties currently expect the transaction to close during the second half of 2021, subject to customary closing conditions, including the approval of both Kimco and Weingarten shareholders.

This strategic transaction was unanimously approved by the Board of Directors of Kimco and the Board of Trust Managers of Weingarten.

The merger will create a national operating portfolio of 559 open-air grocery-anchored shopping centers and mixed-use assets comprising approximately 100 million square feet of gross leasable area. These properties are primarily concentrated in the top major metropolitan markets in the United States. The combined company is expected to benefit from increased scale and density in key Sun Belt markets, enhanced asset quality, tenant diversity, a larger redevelopment pipeline and a deleveraged balance sheet. As a result, the combined company should be uniquely positioned to drive further sustained growth in net operating income (NOI) and asset value creation through continued strategic leasing and asset management.

"This business combination is highly strategic, creating a stronger platform that is even more capable of delivering long-term growth and value creation," said Conor Flynn, Kimco's Chief Executive Officer. "Not only will the merged company and its shareholders enjoy a larger, higher quality, more diversified portfolio with significant embedded growth opportunities, the transaction also reduces the combined company's leverage, creating a stronger financial profile. This combination reflects our conviction in the grocery-anchored shopping center category, which has performed well throughout the pandemic and provides last mile locations that are more valuable than ever due to their hybrid role as both shopping destinations and omnichannel fulfillment epicenters. It also gives us even greater density in the Sun Belt markets we are targeting as well as visibility into the trends shaping necessity-based retail."

Andrew "Drew" Alexander, Chairman, President and Chief Executive Officer of Weingarten, stated, "Combining these highly complementary platforms is a win-win for shareholders of both companies. After examining the deal from every angle, it became increasingly clear that the potential of the integrated business is much greater than the sum of its parts. The combined company's increased size and scale, together with its financial strength, should drive an advantageous cost of capital, allowing the combined company to more readily pursue value creation opportunities. We are excited to deliver this transaction to our shareholders, who will realize compelling and immediate value while also benefiting from the upside potential associated with owning the industry's preeminent open-air shopping center and mixed-use REIT. . . ."

**Leadership and Organization**

The combined company is committed to retaining a strong, highly qualified and diverse Board that has the requisite skills, knowledge and experience to oversee the company and its long-term strategic growth and performance. The number of directors on Kimco's Board of Directors will be expanded to nine, with one member of the existing Board of Trust Managers of Weingarten to be appointed to the

Kimco Board. Milton Cooper will continue to serve as Executive Chairman of the Board of Directors of the combined company. Mary Hogan Preusse will continue to serve as Lead Independent Director for the combined company.

The Kimco management team will lead the combined company, with Conor Flynn as Chief Executive Officer, Ross Cooper as President and Chief Investment Officer, David Jamieson as Chief Operating Officer and Glenn G. Cohen as Chief Financial Officer. The approach to integration planning will draw from the best practices of both companies to ensure continuity for tenants, employees and other stakeholders. Upon completion of the merger, the company's headquarters will remain in Jericho, N.Y. The company will retain the Kimco name and will continue to trade under the ticker symbol KIM (NYSE).

**Dividend Policy**

Kimco intends to maintain its current dividend level post-closing.

**First Quarter Update**

During the first quarter of 2021, Kimco executed 358 leases totaling 2.8 million square feet which includes 121 new leases for 586,000 square feet. Pro-rata rental rate spreads on comparable leases increased 6.8%, with rental rates for new leases up 8.2% and renewals and options growing by a combined 6.4%. Kimco ended the quarter with a pro-rata occupancy of 93.5% with anchor and small shop occupancy at 96.2% and 85.8%, respectively. For the first quarter of 2021, Kimco collected 94% of its total pro-rata billed base rents.

**Advisors**

Barclays and Lazard are acting as financial advisors, and Wachtell, Lipton, Rosen & Katz is acting as legal advisor to Kimco. J.P. Morgan is acting as exclusive financial advisor, and Dentons is acting as legal advisor to Weingarten.

23. On June 25, 2021, defendants filed the 424B3, which fails to disclose material information regarding the Proposed Merger.

<u>Financial Projections</u>

24. The 424B3 omits material information regarding Weingarten's and Kimco's financial projections. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's

5

financial advisor in support of its fairness opinion.

25. Regarding Weingarten's financial projections, the 424B3 fails to disclose: (i) the line items used to calculate cash NOI; (ii) the line items used to calculate cash FFO per share; and (iii) the line items used to calculate unlevered cash flow.

26. Regarding Kimco's financial projections, the 424B3 fails to disclose: (i) the line items used to calculate cash NOI; (ii) the line items used to calculate cash FFO per share; and (iii) the line items used to calculate unlevered cash flow.

### Financial Analyses

27. The 424B3 omits material information regarding the financial analyses performed by J.P. Morgan. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

28. Regarding J.P. Morgan's Public Trading Multiples analyses, the 424B3 fails to disclose the individual multiples and metrics for the companies.

29. Regarding J.P. Morgan's Discounted Cash Flow Analyses, the 424B3 fails to disclose: (i) the terminal values; (ii) unlevered free cash flows and the line items used to calculate unlevered free cash flows; (iii) the inputs and assumptions underlying the discount rates and perpetuity growth rates; and (iv) net debt.

### Background of the Merger

30. The 424B3 fails to disclose whether Weingarten entered into any confidentiality agreements containing don't ask, don't waive provisions.

31. The omitted information, if disclosed, would significantly alter the total mix of information available to Weingarten's stockholders.

# COUNT I

**Claim Against the Individual Defendants and Weingarten for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

32. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

33. The Individual Defendants disseminated the false and misleading 424B3, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

34. Weingarten is liable as the issuer of these statements.

35. The 424B3 was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the 424B3.

36. The Individual Defendants were at least negligent in filing the 424B3 with these materially false and misleading statements.

37. The omissions and false and misleading statements in the 424B3 are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

38. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the 424B3 and in other information reasonably available to stockholders.

39. The 424B3 is an essential link in causing plaintiff to approve the Proposed Merger.

40. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

41. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

42. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

43. The Individual Defendants acted as controlling persons of Weingarten within the meaning of Section 20(a) of the Exchange Act as alleged herein.

44. Due to their positions as officers and/or directors of Weingarten and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the 424B3, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

45. Each of the Individual Defendants was provided with or had unlimited access to copies of the 424B3 alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

46. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

47. The 424B3 contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the 424B3.

48. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

49. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

50. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

51. Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a 424B3 that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: July 19, 2021                  **GRABAR LAW OFFICE**

By: _____/s/ Joshua H. Grabar_____
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*

10